Matter of Vincent V.L. (Matthew L.--Tomasine F.) (2026 NY Slip Op 01789)

Matter of Vincent V.L. (Matthew L.--Tomasine F.)

2026 NY Slip Op 01789

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
HELEN VOUTSINAS
SUSAN QUIRK, JJ.

2024-00532
 (Index No. 85063/23)

[*1]In the Matter of Vincent.L. (Anonymous). Matthew L. (Anonymous), petitioner-appellant; Tomasine F. (Anonymous), cross-petitioner-appellant.

Connors and Sullivan, Attorneys at Law, PLLC, Brooklyn, NY (Harris S. Papas of counsel), for cross-petitioner-appellant.

DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian of the person and property of Vincent V. L., an alleged incapacitated person, Tomasine F. appeals, and Matthew L. separately appeals, from a judgment of the Supreme Court, Richmond County (Lizette Colon, J.), dated September 15, 2023. The judgment, insofar as appealed from by Tomasine F., after a hearing, directed that the last will and testament of Vincent V. L. dated March 8, 2023, was void ab initio. The appeal by Matthew L. was deemed dismissed pursuant to 22 NYCRR 1250.10(a).
ORDERED that the judgment is reversed insofar as appealed from by Tomasine F., on the law, without costs or disbursements.
On or about March 28, 2023, Matthew L. commenced this proceeding pursuant to Mental Hygiene Law article 81 for the appointment of a guardian for his father, Vincent V. L., an alleged incapacitated person. Tomasine F., Vincent V. L.'s niece, cross-petitioned to be appointed the guardian for Vincent V. L. in the event that the Supreme Court determined that he was incapacitated. In a judgment dated September 15, 2023, after a hearing, the court, inter alia, adjudged Vincent V. L. to be an incapacitated person within the meaning of Mental Hygiene Law article 81 and appointed an independent guardian for his person and property. At issue on this appeal by Tomasine F. is whether the court properly directed, in the context of this Mental Hygiene Law article 81 proceeding, that the last will and testament of Vincent V. L. dated March 8, 2023, was void ab initio.
Mental Hygiene Law § 81.29(d) expressly provides, in relevant part, that "[t]he court shall not . . . invalidate or revoke a will or a codicil of an incapacitated person during the lifetime of such person" in the context of a Mental Hygiene Law article 81 proceeding. The Supreme Court thus did not have the authority to invalidate Vincent V. L.'s last will and testament in the context of this Mental Hygiene Law article 81 proceeding. Accordingly, we reverse the judgment insofar as appealed from by Tomasine F.
In light of our determination, we need not consider the remaining contentions of Tomasine F.
BARROS, J.P., IANNACCI, VOUTSINAS and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court